UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA MCALLISTER,

        Plaintiff,

v.                                                             Civil Case No. 16-13859
                                                               Honorable Terrence G. Berg

MARK FRANCIS, ET AL.,

        Defendants.

_____/

## ORDER DISMISSING PLAINTIFF'S
## COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

Plaintiff, an individual, brings this pro se action against Defendants, some 47 persons and entities including NBC, ABC, their CEOs and their local affiliates, Google, the Detroit News, certain broadcasting anchor persons, other media companies, and many other individuals (Dkt. 1). Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees (Dkt. 2).[1]   If the Court finds that the complaint may be filed, it is then tested to determine whether it is frivolous or if it fails to state a claim upon which relief can be granted. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiff's financial affidavit (Dkt. 2) to be facially sufficient; therefore, the Court will **GRANT** Plaintiff's application to proceed in forma pauperis.  However, because the complaint fails to state a claim

---

[1]  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets ... [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990)

and appears to be frivolous, it will be **DISMISSED** without prejudice.

The Supreme Court has recognized that Congress, in enacting the federal in forma pauperis statute, "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43 (1948)).  At the same time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Wiliams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Responding to this concern, Congress provided § 1915(e)(2), which establishes that a court "shall dismiss the case" if the court finds that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (I) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction

depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8. As an initial matter, Plaintiff's Complaint does not clearly set forth a basis for this Court's subject matter jurisdiction. Federal district courts may exercise jurisdiction only over matters in which a federal question is raised or there is diversity between the parties (i.e. they are citizens of different States). *See* 28 U.S.C. §§ 1331, 1332. Plaintiff identifies herself, as well as several of the Defendants, as citizens of Michigan. Complete diversity between the parties means that there is no common citizenship between any of the plaintiffs and any of the defendants. Here, because both the Plaintiff and several of the Defendants are citizens of Michigan, there is no basis for diversity jurisdiction in this case. The other basis for federal jurisdiction is federal question jurisdiction. This jurisdiction arises when the plaintiff raises a claim recognized under federal law. Here, Plaintiff attempts to plead a claim under a federal regulation, CFR §

515.564[2] ("Count IV").  However, this regulation does not allow for a private right of action in federal court.  As to Plaintiff's second cause of action ("Count V") – defamation – that is a cause of action arising under Michigan state law: it does not implicate a federal question sufficient to give this Court subject matter jurisdiction.

In fact, Plaintiff's Complaint fails to set forth a coherent factual basis for any claim.  It is not at all clear from her pleading what federal law or legal right Plaintiff is alleging Defendants violated or what conduct constituted a violation.  It appears that Plaintiff is alleging some kind of misconduct in connection with  a business deal involving a trip to Cuba, but her Complaint, as written, does not allege sufficient facts to state a plausible legal claim against Defendants.

Finally, the Court notes that Plaintiff appears to have already sued some of the same Defendants that she is suing in this case in two separate lawsuits she filed in Oakland County Circuit Court (Cir. Ct. Case Nos. 2016-152215-CZ & 2016-152646-CZ).  In the event that Plaintiff seeks to re-file this Complaint after correcting the defects described in this order, Plaintiff is ordered to attach as exhibits copies of the complaints in the Oakland County Circuit Court cases as well, so that the Court can determine if some of all of Plaintiff's claims in this case are barred by res judicata.  This Complaint is being dismissed without prejudice, which means that Plaintiff is not prohibited from correcting the deficiencies in the Complaint and refiling it, provided that Plaintiff can properly allege either diversity or federal question jurisdiction, and can allege facts that support specific federal

---

[2] This regulation pertains to professional research and meetings in Cuba.  The Complaint captions this claim as "Count IV" and following defamation claim as "Count V," but there is no Count I, II, or III.

causes of action.  In its current state, the Complaint does not allege proper jurisdiction and does not state a federal claim.  It must therefore be dismissed.

For the above reasons, the Complaint in this matter is hereby **DISMISSED** without prejudice.

**SO ORDERED**.


Date:  November 21, 2016          s/ Terrence G. Berg
                                  TERRENCE G. BERG
                                  UNITED STATES DISTRICT JUDGE


## Certificate of Service

I hereby certify that this Order was electronically submitted on November 29, 2016, using the CM/ECF system, which will send notification to each party.


s/A. Chubb
Case Manager